### WHITTIN *et al. v.* FITZWATER.

(*Supreme Court, General Term, Fifth Department.* October 23, 1890.)

SALE—RESCISSION—FRAUD OF PURCHASER.

　In replevin for goods alleged to have been purchased by one G. with intent not to pay for them, plaintiffs' requests to charge, and the replies of the court, were as follows: "If, at the time G. received the goods, notwithstanding what he might have thought when he made the contract, he knew or had reasonable cause to know that he could not go on in business, he is equally chargeable with intent not to pay. *The Court.* The intent must be at the time the contract was made." "If G. knew himself to be insolvent, and had no reasonable expectations of paying for the goods, that is a sufficient evidence of fraud to avoid the sale. *The Court.* If he knew he was insolvent, and had reason to believe he could not pay for them, the proposition is correct." It was not enough for G. to say "that it was perhaps uncertain what day he would be obliged to stop payment; that if he was insolvent he might stop any day. He cannot be permitted to say he intended to pay for a large bill of goods ordered by him, * * * and received by him six days before his assignment. *The Court.* That is a question for the jury." "In the absence of proof of unforeseen circumstances to change his condition between the purchase and the receipt of the goods and the failure, G. will be presumed to have known that he must fail, and to have contemplated an assignment, when he received the goods, six days before. *The Court.* That is a question for the jury." *Held* that, taking these propositions together, it could not be said that the court withdrew from the jury the question of G.'s intent at the time of the purchase and acceptance of the goods. DWIGHT, P. J., dissenting.

Appeal from circuit court, Yates county.

Replevin brought by Charles V. Whittin and others against John C. Fitzwater. There was a verdict for defendant, and from the judgment entered thereon in his favor plaintiffs appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Charles E. Ide,* for appellants. *Calvin J. Huson,* for respondent.

MACOMBER, J. The defendant is the assignee of one David G. Gray under a voluntary assignment made by the latter for the benefit of creditors, bearing date the 22d day of March, 1887, and recorded in the county clerk's office the day following. The plaintiffs were wholesale clothing merchants doing business in the city of Boston, Mass. On the 7th day of March, 1887, through their agent, one Wilfred A. Weatherby, they contracted to sell to Gray certain goods amounting to $975. The order for such purchase was mailed by the agent to his principals, the plaintiffs, and the goods were shipped from Boston on the 10th day of March, arriving in Penn Yan, the place of residence of the purchaser, March 16, 1887. When so received they were accepted, marked, and put on sale with other goods then in stock. This action was begun April 6, 1887, in replevin to recover possession of the property so received by Gray, which was subsequently turned over to the plaintiffs by the sheriff under the writ. Upon the trial of the action at the circuit, evidence was adduced to the effect that no representations were made to Weatherby by Gray of his financial condition, though it appears that the agent inquired of

other persons in Penn Yan concerning his credit. The agent, representing other houses than the plaintiffs', had for some time theretofore been acquainted with Gray, and had repeatedly sold him goods. On the occasion in question, the agent was very importunate that Gray should give him a large order. Indeed, the agent had no other business in Penn Yan at the time than to induce Gray to buy the goods. This action is based solely upon the theory that Gray, in giving the order and receiving the goods, had knowledge of the fact that he was insolvent, and that he so bought the goods with the preconceived intention of not paying for them. A perusal of the case satisfies us that Gray not only was insolvent at the time of this purchase, but that he had been insolvent for at least three years theretofore. He had been pressed hard by creditors, but until the forepart of the year 1887 had not had much difficulty in tiding over affairs by borrowing money and commercial paper. In January or February, 1887, however, he had been told that the persons who had thus accommodated him would no longer go upon his paper, and that he must look elsewhere for aid. Being of a sanguine disposition, it did not occur to him that he was so hopelessly insolvent as that he could not safely continue business any longer. He made in February and March of that year some increase in the amount of his purchases and orders. The case is devoid of any conclusive fact which would show that this merchant did not actually believe that he was able to pursue his trade, and ultimately pay his debts. There were many circumstances, however, which made the case pre-eminently one for the consideration of the jury upon all of its branches. We cannot say that the verdict upon the whole case was not sustained by reliable and credible evidence. We cannot, therefore, disturb the same upon the ground that it is against the weight of the evidence, particularly as the learned justice at the circuit, who had the advantage of observing the several witnesses, has denied the motion made upon that ground. The judgment must, therefore, be affirmed, unless some error was committed during the trial prejudicial to the plaintiffs. Without referring to the exceptions in detail taken during the trial, and to the charge as made, we are of the opinion, after the examination of each of them, that there is no error therein which would justify us in interfering with the verdict of the jury.

The learned counsel for the appellants has argued at much length that an exception to the refusal of the learned judge to charge as requested presents such an error as to require us to reverse the judgment. His position is that he requested the court to charge the jury that, whatever the intent of Gray may have been when he gave the order to the agent, yet, if he had the intent not to pay for the goods when they were received by him on the 16th day of March, the plaintiffs might recover. He claims that this proposition was refused, and that the exception thereto must prevail. If this point were supported by the proceedings at the trial, and had thus been ruled upon unfavorably to the plaintiffs, unquestionably there would have been presented such an error as would result in the granting of a new trial. The question, therefore, is whether or not from the whole charge, and the requests and rulings thereon, it is made to appear that such a proposition was asked for by counsel, and rejected by the court. In order clearly to determine this matter it is necessary to refer somewhat in detail to the proceedings had at the close of the charge of the learned judge: "The counsel for the plaintiffs asked the court to charge the jury as follows: Also that if at the time Gray received the goods, notwithstanding what he might have thought when he made the contract, he knew or had reasonable cause to know that he could not go on in business, he is equally chargeable with an intent not to pay. *The Court.* The intent must be at the time the contract was made. (Exception.)" Standing by itself, this would seem to be a ruling to the effect that, if the purpose of the purchaser when he received the merchandise was fraudulent, yet, if no such intent existed at the time the order was given, the plaintiffs could

not recover. But this is not all the proceedings had upon this question. Counsel also asked the court to charge as follows: "Also, if Gray knew himself to be insolvent, and had no reasonable expectations of paying for the goods, that is a sufficient evidence of fraud to avoid the sale. *The Court.* If he knew he was insolvent, and had reason to believe he could not pay for them, the proposition is correct. (Exception.) Also the same proposition as a proposition of law relating to the time he received as well as to the time he purchased. (Declined, and exception.) Also that it is not enough for Gray to say, or not enough for the jury to say, that it is perhaps uncertain what day he would be obliged to stop payment; that if he was insolvent he might stop any day. He cannot be permitted to say he intended to pay for a large bill of goods ordered by him on the 8th of March, and received by him six days before the assignment. *The Court.* That is a question for the jury. * * * Also that, in the absence of proof of unforeseen circumstances arising to change his condition between the purchase and the receipt of the goods and the failure, Gray will be presumed to have known that he must fail, and to have contemplated an assignment when he received the goods six days before. *The Court.* That is a question for the jury. (Exception.)" Taking all these propositions together, and the rulings of the court upon them, it does not distinctly appear that the court withdrew from the jury the question of Gray's intent at the time of the reception and acceptance by him of the goods. On the contrary, the last ruling seems to leave explicitly to the jury the question now in dispute. This should be our conclusion, more particulary because the trial judge, in his charge in chief, fully submitted to the jury the question of the intent of Gray at the time of the purchase. They were instructed by the court that if, at the time of the purchase, Gray, knowing himself to be insolvent, had the intention not to pay for the goods, he committed a fraud upon the plaintiffs which would enable them to recover the possession of the property. The charge was not limited to the time the order was given to Weatherby. It was general and comprehensive to the effect that if, at the time of making the purchase, the defendant's assignor had the preconceived intent not to pay for the same, his assignee could not hold the property under this assignment, but that it belonged to the plaintiffs. The purchase there spoken of includes not only the bargain, but the reception and acceptance of the goods. The judgment and order appealed from should be affirmed.

CORLETT, J., concurs. DWIGHT, P. J., dissents, on the ground of error in the charge on the question of intent at the time of the receipt of the goods.